UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENT DEWAYNE MULLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-02366-TWP-TAB |
| ) | |
| INDIANA PAROLE BOARD, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Respondent's Motion to Dismiss,
Denying Petitioner's Motion to Stay,
and Directing Show Cause**

Petitioner Brent Mullis ("Mr. Mullis") filed his habeas petition on December 8, 2022, stating that he is being held at the Bartholomew County Jail on a parole hold without a hearing before the Indiana Parole Board. Dkt. 1. The respondent has moved to dismiss the petition because Mr. Mullis "is not entitled to a parole hearing until the conclusion of his current pending criminal proceeding," because "the Court should find that Petitioner has not asserted a justiciable issue," and because Mr. Mullis "has not established any grounds to justify the Court intervening in his detention" at the Jail. Dkt. 14.

For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [13], is **DENIED without prejudice**, Mr. Mullis' motion to stay, dkt. [2], is **DENIED**, and the Court **DIRECTS** the petitioner to show cause.

**I. Background**

Mr. Mullis was convicted of burglary in 2007 in Bartholomew County, Indiana, cause number 03C01-0606-FC-001126.[1] Mr. Mullis was released from the Indiana Department of

---

[1] *See* chronological case summary for cause no. 03C01-0606-FC-001126 at www.mycase.IN.gov (last visited Sept. 13, 2023).

Correction (IDOC) on parole around December 2021, with some portion of his sentence remaining.[2] On June 6, 2022, while Mr. Mullis was on parole, he received new state criminal charges for burglary, theft, and criminal mischief, and received a habitual offender enhancement under Indiana cause number 03C01-2206-F5-002806.[3] *See* dkt. 10-3 at 1-5 (Exhibits including Information, Notice of Intent to Seek Enhanced Penalty Based Upon Prior Conviction, Affidavit). A bench warrant was issued and served that same day, while Mr. Mullis was in custody at the Bartholomew County Jail on a 72-hour hold. *Id.* at 6 (Bench Warrant). His bond was set at $15,000, and at the time the respondent filed its motion to dismiss in this habeas action, Mr. Mullis was still awaiting trial on his new charges. *Id.*; dkt. 14 at 3.

Mr. Mullis withdrew his request for a fast and speedy trial, and his state court proceedings ensued during the pendency of this habeas action. Dkt. 10-4 (state court order). The Court notes that Mr. Mullis was ultimately found guilty of these new charges after a jury trial in March 2023. He was sentenced on April 20, 2023.

At the conclusion of the jury trial, Mr. Mullis was directed to serve 180 days at the Bartholomew County Jail for contempt of court. At his sentencing hearing, Mr. Mullis again was found in direct contempt of court and order to serve an additional 30 days for contempt, consecutive to the 180 days previously imposed. Further, Mr. Mullis was sentenced to the IDOC

---

[2] The Court takes judicial notice of a habeas action Mr. Mullis filed on July 7, 2022, No. 1:22-cv-1359-SEB-TAB, in which he stated he was released from incarceration on December 9, 2021 to parole and that while he did not violate his parole, he has been held since June 1, 2022, for new charges and "has a parole hold only due to the [new] charges." *See* dkt. 1. The Court notes this July 2022 action challenged Mr. Mullis' pretrial detention under Indiana cause number 03C01-2206-F5-002806 and was dismissed without prejudice for failure to exhaust state court remedies.

[3] *See* chronological case summary for cause no. 03C01-2206-F5-002806 at www.mycase.IN.gov (last visited Sept. 13, 2023).

for 6 years on Count 1, for 1 year for Count 2, and for a period of 180 days for Count 3, terms to run concurrent with each other but consecutive to the contempt sentence. His sentence was enhanced by 6 years for Court 1 for being a habitual offender. It appears that Mr. Mullis is presently serving a contempt sentence at the Bartholomew County Jail and has not yet been moved to an IDOC facility.[4]

## II. Habeas Petition and Motion to Dismiss

At the filing of his instant petition, Mr. Mullis stated that he had been held in the Bartholomew County Jail since June 1, 2022, due to a "parole hold," was "not being held . . . under cause number 03C01-2206-F5-002806," related to his new charges, and "has a bond and can post bail." Dkt. 1 at 2. He argued that he had not been afforded due process by the Indiana Parole Board because he was not given "any kind of paperwork or a hearing of any kind," and had "not been found guilty of a single crime to constitute due process proceedings of a parole hold[.]" *Id.* at 2-3. Mr. Mullis seeks an "immediate injunction against the Parole Hold that the Indiana Parole Board has placed on" him. *Id.*

The respondent then filed a motion to dismiss arguing several points. Dkt. 14. First, that Mr. Mullis does not raise a justiciable issue because his "parole has yet to be revoked and it is unclear as to when or if Petitioner's parole will be revoked." *Id.* at 3. Second, "where a parolee is held on new criminal charges, the parole board may defer action and 'there is no requirement for an immediate hearing.'" *Id.* at 4 (citing *Moody v. Daggett*, 429 U.S. 78, 84-86, 89 (1976)).[5] The

---

[4] *See* IDOC Incarcerated Search at https://www.in.gov/apps/indcorrection/ofs/ofs (last visited Sept. 13, 2023).

[5] In *Moody*, a "Petitioner federal parolee, imprisoned for federal crimes committed while on parole and clearly constituting parole violations, held not to be constitutionally entitled to an immediate parole revocation hearing, where a parole violator warrant was issued and lodged with the institution of his confinement as a 'detainer' but was not executed." 429 U.S. at 78.

respondent argues that even if it were true that Mr. Mullis was being held on a parole warrant or had yet to post bail, it was not required that he be given an immediate hearing, and "it is speculative at best as to when or whether Petitioner will be provided a parole revocation hearing." *Id.* ("Petitioner may be acquitted of the charges in the pending state criminal matter, which may lead to the parole charges being dismissed . . . . Conversely, Petitioner may be convicted by a jury of his peers and be subject to the parole board at the conclusion of the criminal proceeding. All this to say that it is unclear and speculative as to the potential outcome, which supports dismissal as non-justiciable."). The respondent contends even if Mr. Mullis is held on a parole warrant, "[a]ll the facts lead to the conclusion that the parole board merely served its warrant to ensure that Petitioner is subject to the board at the conclusion of his pending criminal proceeding." *Id.* at 5. Finally, respondent argues that nothing in Mr. Mullis' petition warrants federal intervention and that this Court should find abstention appropriate. *Id.* at 6.

However, the Court need not analyze the parties forementioned arguments. Despite Mr. Mullis' contentions that he was being held illegally under cause number 03C01-0606-FC-001126 stemming from his 2007 conviction or due to a parole warrant, the record indicates that Mr. Mullis was being held on the new charges in cause number 03C01-2206-F5-002806. Regardless, the procedural posture of this action has since changed. Following briefing on the respondent's pending motion to dismiss, Mr. Mullis was convicted in cause number 03C01-2206-F5-002806. Therefore, it appears to the Court that Mr. Mullis' petition, which challenges his pretrial detention, is moot because he has become a convicted offender and there is no longer a case or controversy for the Court to consider, so the Court has no subject matter jurisdiction. *See, e.g., Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once [Petitioner] was convicted,

4

the claims concerning his pre-trial confinement became moot."); *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chi.*, 326 F.3d 924, 929 (7th Cir. 2003).

Therefore, it appears that, on this record, there is no meaningful relief that the Court can grant Mr. Mullis in this action,[6] and there is no indication that he is suffering continuing collateral consequences from his pretrial detention without a parole hearing or by not posting bond. This Court has no jurisdiction to adjudicate a moot petition. *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969) ("The rule that this Court lacks jurisdiction to consider the merits of a moot case is a branch of the constitutional command that the judicial power extends only to cases or controversies.").

Accordingly, the respondent's motion to dismiss, dkt. [13], is **DENIED without prejudice**, and Mr. Mullis is **ORDERED to show cause by October 13, 2023,** why this action should not be dismissed without prejudice for lack of jurisdiction.

Additionally, Mr. Mullis' motion to stay the Indiana Parole Board's hold, dkt. [2], is **DENIED.** This motion merely requests the same relief as Mr. Mullis' petition for a writ of habeas corpus. *See* dkt. 1 at 3.

**IT IS SO ORDERED.**

Date: 9/15/2023

                                                                                   Hon. Tanya Walton Pratt, Chief Judge
                                                                                    United States District Court
                                                                                    Southern District of Indiana

---

[6] The Court notes that since his March 2023 convictions, Mr. Mullis has sought habeas relief multiple times in this Court. *Mullis v. Rokita*, No. 1:23-cv-00761-JMS-MKK, filed on May 3, 2023, was dismissed for failure to exhaust state court remedies, dkts. 8 and 9. *Mullis v. Lane*, No. 1:23-cv-01516-JMS-KMB, filed on August 24, 2023, is currently pending and Mr. Mullis has through September 26, 2023, to show cause why his petition should not be dismissed without prejudice for failure to exhaust state court remedies, dkt. 6.

Distribution:

BRENT DEWAYNE MULLIS
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Breanne Chambers
Office of Indiana Attorney General
breanne.chambers@atg.in.gov

John Oosterhoff
Office of Indiana Attorney General
john.oosterhoff@atg.in.gov